George WHITMORE, Jr., Plaintiff,

v.

CITY OF NEW YORK, Defendant.

No. 79 CV 3087.

United States District Court,
E. D. New York.

June 15, 1982.

Beldock, Levine & Hoffman by Myron Beldock, New York City, for plaintiff.

Frederick A. O. Schwarz, Jr., Corp. Counsel by Adrienne R. Klein, Asst. Corp. Counsel, New York City, for defendant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

Plaintiff filed this action against the City of New York pursuant to 42 U.S.C. § 1983

to recover damages for alleged deprivation of his civil rights under various amendments to the federal constitution. The complaint is based upon allegations of false arrest, false imprisonment, malicious prosecution and harassment of plaintiff by New York City police officers and the District Attorneys for New York and Kings Counties. Defendant has moved to dismiss the complaint for failure to state a claim, Rule 12(b)(6), F.R.Civ.P., or, alternatively, for summary judgment, Rule 56(b), chiefly contending that the action is time barred because commenced more than three years after the claims accrued. The City also argues that its liability cannot be based upon acts of the District Attorneys or members of their staffs, and that the allegations concerning its responsibility for the conduct of the police officers is deficient under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). For the following reasons, the motion is granted on the ground that the action is barred by the applicable statute of limitations.

In brief, the events giving rise to plaintiff's claims are as follows. Beginning on April 24, 1964, and ending almost a decade later, on April 16, 1973, plaintiff was arrested, searched, interrogated, charged, prosecuted, and subjected to numerous legal proceedings and hearings in connection with four lurid and violent crimes. These were the double homicides of Janice Wylie and Emily Hoffert in New York County on August 28, 1963; the homicide of Minnie Edmonds in Kings County on April 14, 1964, and the assault and attempted rape of Elba Borrero in Kings County on April 23, 1964. Since his initial arrest, plaintiff has continually contended that he was the victim of deliberate official misconduct, which in this and other litigation, he has claimed resulted from a conspiracy on the part of New York City police and staff members of the District Attorneys for New York and Kings Counties, who were eager to be credited with solving at one stroke these major crimes. The complaint further alleges that these acts were committed "with full knowledge, consent and cooperation and un-der the supervisory authority" of the City (¶ 49–54), and that the City "by its policy making agents, servants and employees, authorized, sanctioned or ratified the acts ... complained of or failed to prevent or stop said acts or allowed said acts to continue" (¶ 56).

In support of his contentions, plaintiff points out that on May 4, 1965, a Justice of the Supreme Court, New York County, dismissed the indictments against plaintiff for the homicides of Wylie and Hoffert; that on June 30, 1966, Justice Barshay of the Supreme Court, Kings County, dismissed the indictment against plaintiff for the homicide of Edmonds; and that on April 10, 1973, after several trials and appeals, Justice Brownstein of the Supreme Court, Kings County, dismissed the indictment against plaintiff for the assault and attempted rape of Borrero. Taking as true the description of plaintiff's tribulations and the reasons for the ultimate dismissal of all charges, which are amplified in some details but not essentially contradicted by defendant, plaintiff unquestionably has presented litigable claims which in part are being litigated in the State court. Nevertheless, none of the numerous federal claims described in plaintiff's papers survives the statute of limitations bar raised by defendant on this motion.

█ It is now settled law in this circuit, and counsel have not argued the contrary, that the three-year limitations period prescribed by New York CPLR § 214(2) for liabilities created or imposed by statute, applies to suits brought pursuant to 42 U.S.C. § 1983. See *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856 (2d Cir. 1981). Counsel also agree that while federal law governs the accrual of a claim brought pursuant to § 1983, and hence the commencement of the limitations period governing that claim, see, *e.g.*, *Fiesel v. Board of Education of the City of New York*, 675 F.2d 1664 (1982); *Kaiser v. Cahn*, 510 F.2d 282, 285 (2d Cir. 1974), the tolling of any limitations period is governed primarily by the law of the State providing the limitations period. *Board of Regents of*

*the University of the State of New York v. Tomanio*, 446 U.S. 478, 100 S.Ct. 291, 62 L.Ed.2d 305 (1980).

Since all operative events giving rise to plaintiff's claims of deprivation of civil rights because of his allegedly false arrest, false imprisonment and malicious prosecution occurred between April 24, 1964, and April 16, 1973, it is clear that the claims are time barred unless plaintiff may benefit from a State tolling provision.

Plaintiff expressly relies on one such provision, CPLR § 205(a), to keep his claims alive. As amended in 1978, that section provides in pertinent part

> "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff ... may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action."

To bring himself within the purview of the statute, plaintiff argues in essence, first, that he "commenced" an "action" in State court pursuant to § 1983 on the same federal cause of action presented in this suit, when he initially moved for leave to amend his State action to include those federal claims, which undisputedly were based upon the same series of underlying transactions and occurrences asserted in the present action. Further, he argues that his State "action" based on those claims was "terminated" for reasons other than those proscribed by § 205(a) when the trial judge denied him leave to amend. Finally, plaintiff suggests that, as § 205(a) requires, the instant "new action" would have been timely commenced at the time he "commenced" his "prior action" by moving to amend, because another tolling provision, § 203(e), permits amended pleadings to relate back for limitations purposes to the date the original pleading was interposed. In plain-

tiff's State action, that date was March 29, 1974, within three years of the dismissal of the Borrero indictment.

Plaintiff has offered no authority for his construction of § 205(a) and the Court's research has disclosed none. Moreover, the plain language of § 205(a) would not permit of such a far-fetched interpretation in light of accepted principles of New York practice. As pointed out in D. Siegel, New York Practice, § 4 at 4 (1978), "an action is the plenary prosecution of a right, seeking a final judgment." See also CPLR § 103(b). It is to be distinguished from a motion, which is "an application within an action for some item of incidental relief, usually one involving some ... step in the processing of the action." D. Siegel, *supra*, at 4. Clearly, the denial of plaintiff's motion by the State court did not terminate his action, which is the *sine qua non* for invoking § 205(a). That action is still pending and presumably will be litigated in the State court.

■ Nor can it be said that plaintiff's motion for leave to amend in the State court "commenced" an action. Under New York law an action is "commenced" when the claim is interposed against a defendant, typically by service of a summons. See CPLR § 203(b). In this case plaintiff's proposed amended pleading was never accepted by the State court, and therefore the federal claim he asserted was never properly "interposed" against the defendant, even under the relation back provisions of § 203(e). Merely making the motion was not enough.

In sum, this Court cannot presume that New York's legislature intended its plainly worded tolling provision to be stretched like Procrustes' bed to save every claim from the bar of a limitations period. Such a conclusion is particularly warranted where the normal State appellate processes afforded plaintiff ample interim opportunity to correct the alleged error of the State trial judge in denying leave to amend.

■ Under *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), plain-

tiff's claims were all time barred notwithstanding the allegations of conspiracy, save that for malicious prosecution in connection with the Borrero indictment. As for that claim, the statute of limitations continued to run after April 1973 even though the *Monell* decision had not yet overruled *Monroe v. Pape*, 365 U.S. 167 (1961), in which the Supreme Court had barred suits against municipalities under § 1983. Plaintiff was not required to delay bringing this claim until it was free of the City's immunity from suit, and the limitations period was not tolled while *Monroe v. Pape* remained law. See *Fiesel v. Board of Education, supra.* Accordingly, the action must be dismissed on the ground that the applicable statute of limitations has long since expired.

SO ORDERED.